**E-FILED**
Friday, 03 June, 2005 11:15:51 AM
Clerk, U.S. District Court, ILCD

CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-20005 |
| | ) |
| JOHN LEE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**FILED**

JUN – 3 2005

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## PLEA AGREEMENT AND STIPULATION OF FACTS

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United

States of America, by Jan Paul Miller, United States Attorney for the Central District of

Illinois, and Timothy A. Bass, Assistant United States Attorney, and the defendant, John

Lee, personally and by the defendant's attorney, Joseph P. Chamley, hereby enter into

this plea agreement.

1.     This document contains the complete and only plea agreement between

the United States Attorney for the Central District of Illinois and the defendant. This

agreement supersedes and replaces any and all prior formal and informal, written and

oral, express and implied, plea agreements between the parties. No other agreement,

understanding, promise, or condition between the United States Attorney for the

Central District of Illinois and the defendant exists, except as set forth in this plea

agreement.

2.      This plea agreement is binding only upon the United States Attorney for

the Central District of Illinois and the defendant. It does not bind any United States

Attorney outside the Central District of Illinois, nor does it bind any state or local

prosecutor. In addition, the plea agreement does not bind the Tax Division of the

United States Department of Justice or the Internal Revenue Service of the United States

Department of the Treasury.

3.      This agreement is made pursuant to Federal Rule of Criminal Procedure

11(c)(1)(A) and (B) and therefore if the Court does not accept the recommendations of

the parties, the defendant does not have the right to withdraw his plea of guilty.

### CHARGE(S), ELEMENTS, AND PENALTIES

4.      The defendant will voluntarily plead guilty to the indictment that charges

him with knowingly and intentionally possessing a firearm after previously being

convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1), and knowingly

distributing cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1).

5.      The defendant has read the charges to which the defendant is pleading

guilty, and the charges have been explained to the defendant by the defendant's

attorney. Furthermore, the defendant fully understands the nature and elements of the

crimes to which the defendant is pleading guilty.

6.      To sustain the charge of knowingly and intentionally possessing a firearm

after previously being convicted of a felony offense, the government must prove the

following propositions beyond a reasonable doubt:

2

a.  First, that the defendant knowingly or intentionally possessed a firearm; and

b.  Second, that the defendant did so after previously being convicted of an offense punishable by more than one year imprisonment; and

c.  Third, that the firearm had previously traveled in interstate commerce.

7.  To sustain the charge of knowingly and intentionally distributing cocaine base (crack), the government must prove the following propositions beyond a reasonable doubt:

a.  First, that the defendant knowingly or intentionally distributed cocaine base (crack); and

b.  Second, that the defendant knew the substance he distributed is a controlled substance.

8.  The defendant understands and agrees that the firearm offense to which he shall plead guilty carries the following potential penalties:

- up to 10 years imprisonment;

- up to a $250,000 fine;

- up to 3 years of supervised release; and

- a $100 mandatory special assessment.

9.  The defendant understands and agrees that the drug offense to which he shall plead guilty carries the following potential penalties:

- up to 20 years imprisonment;

3

- up to a $1,000,000 fine;

- minimum of 3 years and up to life of supervised release; and

- a $100 mandatory special assessment.

If the defendant has a prior felony drug conviction, the drug offense carries the following potential penalties:

- up to 30 years imprisonment;

- up to a $2,000,000 fine;

- minimum of 6 years and up to life of supervised release; and

- a $100 mandatory special assessment.

10.    The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

11.    The defendant understands and agrees that the Court may be required to order the defendant to pay restitution.

## STATUTORY AND GUIDELINE WAIVERS

### Waiver of Right of Appeal from Conviction and Sentence

12.    The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed.

4

Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.

## Waiver of Right to Collateral Attack

13. The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was

5

made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

## DEPARTURES

14. The defendant understands that there is no agreement as to the defendant's criminal history or criminal history category, and that the defendant's criminal history could alter the defendant's offense level if, for example, the defendant is a career offender or if the instant offense was a part of a pattern of criminal conduct from which the defendant derived a substantial portion of the defendant's income. Since the defendant's criminal history cannot be determined prior to the completion of the presentence investigation, the defendant reserves the right to argue at sentencing for a downward departure for over-representation of criminal history pursuant to United States Sentencing Guideline Section 4A1.3.

15. The defendant and the defendant's attorney acknowledge that they have reviewed, and the defendant understands, the possible application of United States Sentencing Guidelines Section 5H.1 through Section 5H1.12, Section 5K.2.0 through Section 5K2.21, and other grounds for downward departure from the applicable

6

Sentencing Guideline range. The defendant acknowledges that he has fully discussed any potential basis for downward departure with the defendant's attorney. The defendant agrees that no other departures will be raised by the defendant at sentencing other than the specific departures mentioned in this agreement, except the defendant may raise any departure based upon facts that occur after the date the plea agreement is signed by the defendant.

## DEFENDANT'S OBLIGATIONS

16.    The defendant further understands and agrees to pay the mandatory $100 Special Assessment for each count of the indictment to which the defendant is entering a plea of guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that he will be required to do so as a condition of this plea agreement. The failure to comply with this requirement, however, will not constitute grounds for the defendant to withdraw any plea of guilty.

## COOPERATION BY THE DEFENDANT

17.    As a condition of this entire Plea Agreement, the defendant will cooperate fully with law enforcement officials, as set forth in a separate cooperation agreement entered into with the government. All information and testimony given by the defendant must at all times be complete and truthful. This means, for instance, that he must neither minimize his own actions nor fabricate or exaggerate anyone else's actions or involvement. The defendant's status does not hinge upon obtaining a conviction

7

against anyone else; it is dependent solely upon his being truthful about the facts whatever those may be.

18.     The defendant agrees that if he violates the terms of that cooperation agreement, the United States will be completely released from all of its obligations under this Plea Agreement. The defendant agrees, however, that under such a circumstance he will not be allowed to withdraw from any previously accepted guilty plea.

19.     The United States agrees that at the time of sentencing it will fully inform the Court of the nature, extent, and value of any cooperation rendered by the defendant.

20.     The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to § 5K1.1 of the Sentencing Guidelines and from any mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e) if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the United States' evaluation of the nature, extent, and value of the defendant's assistance, including his truthfulness.

21.     The defendant and his attorney acknowledge that they have reviewed, and the defendant understands, the possible application of United States Sentencing Guidelines Section 5K.1.1. They further acknowledge, consistent with Application Note 3 to that Section, that the United States is in the best position to assess the value of the

8

defendant's cooperation to the United States and its law enforcement efforts. In return for receiving the opportunity to cooperate with the government and for the opportunity to be considered by the government for a motion and recommendation for a downward departure pursuant to § 5K1.1, the defendant and his attorney agree to limit any argument regarding the extent of a downward departure for substantial assistance to only those grounds specifically set forth in § 5K1.1.

## THE UNITED STATES ATTORNEY'S OBLIGATIONS

22. At the time of sentencing the United States agrees to recommend a sentence no greater than the low end of the applicable sentencing guideline range.

## AGREEMENTS AS TO SENTENCING GUIDELINES

23. Based on the information currently available, the defendant and the United States agree on the following points regarding the application of the Sentencing Guidelines to the offenses to which the defendant is pleading guilty:

a. The parties agree, based upon facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct in accordance with Section 3E1.1 of the Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility for the defendant's criminal conduct.

b. The parties also agree that if the defendant's base offense level is 16

9

or higher, then the defendant qualifies for an additional one-point reduction in the defendant's offense level pursuant to United States Sentencing Guidelines Section 3E1.1(b)(2) because the defendant timely notified the United States Attorney's Office of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid trial preparation and permitting the Court to allocate its resources efficiently. The government agrees to make a motion at the time of sentencing for such a reduction.

24.    The defendant and the United States agree that the above statements regarding Sentencing Guidelines are not binding on the Court, and relate only to the positions the parties take regarding the applicable sentencing guideline range based upon the information of which they are currently aware. The Court will remain free to make its own independent determination of the applicable guideline range and to impose whatever sentence it deems appropriate.

25.    The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum, subject to the limitations of the United States Sentencing Guidelines. The defendant agrees and understands that the defendant will not be allowed to withdraw the defendant's guilty plea because of an objection to the calculation of the Sentencing Guidelines or to the Court's sentencing findings or rulings or because the defendant receives a sentence higher than that recommended under the plea agreement.

## FACTUAL BASIS

26.    The defendant will plead guilty because the defendant is in fact guilty. In

10

pleading guilty, the defendant stipulates to and admits to the following facts:

Prior to 2002, the defendant had been convicted of a felony offense punishable by more than one year imprisonment. In late 2002/early-2003, the defendant obtained possession of a Highpoint 9 mm semi-automatic handgun, which had previously traveled in interstate commerce, and possessed the firearm in Rantoul, IL. After obtaining the firearm, the defendant sold it to a friend in Kankakee, IL. The firearm was thereafter determined to have been used in the car-jacking and murder of Stephen Pendergrast in Kankakee in March 2003.

In September 2003, the KAMEG task force in Kankakee, IL, utilized a confidential informant to introduce an undercover KAMEG agent to Lee as a purchaser of crack cocaine. On September 20, 2003, an undercover KAMEG agent purchased 1.2 grams of crack cocaine from the defendant in Kankakee in exchange for $60. This transaction was audio recorded.

The defendant knowingly and intentionally possessed a firearm that had previously traveled in interstate commerce after he had previously been convicted of a felony offense, and he knowingly and intentionally distributed cocaine base (crack) and he knew it was a controlled substance.

## EFFECT OF VIOLATION OF AGREEMENT

27.    The defendant further agrees that if the defendant violates the terms of this plea agreement, the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its

11

obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/sentence, and to reinstate any previously dismissed charges against the defendant or to seek the defendant's resentencing. However, in the event the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea. The defendant also agrees to waive any and all double jeopardy rights, and the applicable statute of limitations should the United States seek to reinstate any charges against the defendant or seek to have the defendant resentenced.

28.     Whether or not the defendant has violated the terms of the plea agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

## WAIVER OF CONSTITUTIONAL RIGHTS

29.     The defendant understands that by pleading guilty, the defendant surrenders the following rights among others:

a.     The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

b.     The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of 12 persons selected at random. The jury

12

would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the judge instead of a trial by a jury.

c.      The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

d.      The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

e.      The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

30. The defendant understands that by pleading guilty, the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained those rights to the defendant and the consequences of the waiver of those rights.

## AGREED:

### Defendant's Attorney:

31. I have discussed this plea agreement fully with my client, and I am satisfied that my client fully understands its contents and terms. No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce my client to plead guilty other than those stated in this written Plea Agreement. I have reviewed with my client United States Sentencing Guidelines Sections 1B1.3 and 1B1.4 (relevant conduct).

Date: _____ 6/3/05 _____   s/Joseph P. Chamley _____
                                       Joseph P. Chamley
                                       Attorney for Defendant

### Defendant:

32. I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services

14

provided by my attorney. I understand that by signing below I am stating I

agree with everything stated in this paragraph, and I am accepting and entering into

this Plea Agreement.

Date: _____6/3/05_____          s/John Lee_____
                                        John Lee
                                        Defendant

**United States:**

37.     On behalf of the United States of America, I accept and agree to this Plea

Agreement.

Date: ___5/27/05_____          JAN PAUL MILLER
                                       UNITED STATES ATTORNEY


                                       s/Timothy A. Bass_____
                                       Timothy A. Bass
                                       Assistant United States Attorney

15

**U.S. Department of Justice**



*United States Attorney*
*Central District of Illinois*
*Headquarters Office*

*600 East Monroe Street, Suite 312*
*Springfield, IL 62701*
*217/492-4450*
*FAX 217/492-4512*

September 29, 2003

John Lee

Re: Covert cooperation and testimony

Dear Mr. Lee:

It is my understanding that you desire to fully cooperate with the government in its efforts to
enforce federal law, including acting in a covert capacity to assist in the investigation of illegal
drug trafficking and other crimes, on the condition that your statements are protected by a grant
of use immunity. This letter is intended as a grant of conditional direct use immunity.

To avoid any misunderstanding, the specific terms of this grant of use immunity are:

    1.    The government agrees that no statement made or information provided pursuant to
this agreement may be used directly as evidence against you in any criminal case,
including sentencing, excepting (1) a prosecution for making a false statement or
perjury, and (2) use as impeachment or rebuttal evidence should you subsequently
testify or take a factual position contrary to the information you provide. The
government will be free to make indirect or derivative use of your statements. This
agreement means only that the fact you made certain incriminating statements
pursuant to this agreement may not itself be introduced as evidence against you.
The government will also remain free to discharge its duty to the court by informing
the court of any information you provide. The court will be notified that such
information was obtained pursuant to this grant of use immunity.

    2.    In return, you agree that you will provide <u>complete</u> and <u>truthful</u> information to law
enforcement officials regarding your criminal conduct and everything you know or
have reason to believe about the criminal conduct of others. You also agree to
produce any and all documents and physical evidence of any kind in your
possession or under your control which relate to the information you provide.

    3.    You agree to provide <u>complete</u> and <u>truthful</u> testimony to any grand jury, trial jury,
or judge in any proceeding in which you may be called to testify by the government.

4. You further acknowledge and agree that the government's grant of use immunity herein is in part conditioned upon your complete compliance with paragraphs 2 and 3. Should you knowingly make any false statement or omission of any kind in providing information or testimony under this agreement, the government will be entitled to use your statements and evidence you provide, directly and indirectly, to institute and support a criminal prosecution for any offense as well as a prosecution for giving false statements and perjury.

5. For instance, you must neither conceal or minimize your own actions or involvement in any offense, nor conceal, minimize, fabricate, or exaggerate anyone else's actions or involvement in any offense. You must be completely truthful about the facts whatever those may be.

6. The offenses of giving false statements and of perjury are felonies, each instance of which is punishable by up to five years in prison plus a $250,000 fine.

7. You agree to act in a covert capacity on behalf of the government to assist in gathering evidence of illegal drug trafficking and other crimes.

8. In such a covert role, you agree that you will act solely at the direction and under the supervision of agents of the Bureau of Alcohol Tobacco and Firearms (hereafter referred to as "your controlling agents") and this office, and agree to follow all directions given to you by such agents or this office.

9. You agree that you will not engage in any criminal activity of any kind, including the use of any controlled substance, without the prior knowledge and approval of your controlling agents and this office.

10. You agree that you will not initiate any contact with the subjects of any government investigation without the prior knowledge and approval of your controlling agents.

11. You agree that you will not tell anyone anything about any government investigation or your own cooperation without the prior knowledge and approval of your controlling agents.

12. The government agrees that it will fully inform the court in any sentencing hearing of the nature, extent, and value of your cooperation. At this time the government is not making and has not made any promise or commitment of any kind to you regarding the prosecution of any offense or the sentence in any case.

13. The government reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to § 5K1.1 of the Sentencing Guidelines and from any mandatory

- 2 -

minimum sentence pursuant to 18 U.S.C. § 3553(e) if you provide substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the government's evaluation of the nature, extent, and value of your assistance, including your truthfulness.

14. Any breach of any provision of this agreement by you will void this agreement in its entirety and will release the government from any obligation under this agreement.

This letter embodies the entirety of the government's immunity agreement with you. No other promise or agreement exists between you and the government regarding immunity.

Very truly yours,

JAN PAUL MILLER
UNITED STATES ATTORNEY


s/Tim Bass
Timothy A. Bass
Assistant United States Attorney


AGREED:

I have read this letter entirely, and I understand and completely agree to the above terms. No promises have been made to me other than those stated in this letter regarding my cooperation or immunity.


s/John Lee                              Date:     9-29-03
John Lee

Witness:


s/Patrick Kane                          Date:     9-29-03


- 3 -

**U.S. Department of Justice**

*United States Attorney*
*Central District of Illinois*
*Headquarters Office*

*600 East Monroe Street, Suite 312*
*Springfield, IL 62701*
*217/492-4450*
*FAX 217/492-4512*

September 29, 2003

John Lee

Re: Covert cooperation and testimony

Dear Mr. Lee:

It is my understanding that you desire to fully cooperate with the government in its efforts to
enforce federal law, including acting in a covert capacity to assist in the investigation of illegal
drug trafficking and other crimes, on the condition that your statements are protected by a grant
of use immunity. This letter is intended as a grant of conditional direct use immunity.

To avoid any misunderstanding, the specific terms of this grant of use immunity are:

1.  The government agrees that no statement made or information provided pursuant to
    this agreement may be used directly as evidence against you in any criminal case,
    including sentencing, excepting (1) a prosecution for making a false statement or
    perjury, and (2) use as impeachment or rebuttal evidence should you subsequently
    testify or take a factual position contrary to the information you provide. The
    government will be free to make indirect or derivative use of your statements. This
    agreement means only that the fact you made certain incriminating statements
    pursuant to this agreement may not itself be introduced as evidence against you.
    The government will also remain free to discharge its duty to the court by informing
    the court of any information you provide. The court will be notified that such
    information was obtained pursuant to this grant of use immunity.

2.  In return, you agree that you will provide complete and truthful information to law
    enforcement officials regarding your criminal conduct and everything you know or
    have reason to believe about the criminal conduct of others. You also agree to
    produce any and all documents and physical evidence of any kind in your
    possession or under your control which relate to the information you provide.

3.  You agree to provide complete and truthful testimony to any grand jury, trial jury,
    or judge in any proceeding in which you may be called to testify by the government.

4.  You further acknowledge and agree that the government's grant of use immunity herein is in part conditioned upon your complete compliance with paragraphs 2 and 3. Should you knowingly make any false statement or omission of any kind in providing information or testimony under this agreement, the government will be entitled to use your statements and evidence you provide, directly and indirectly, to institute and support a criminal prosecution for any offense as well as a prosecution for giving false statements and perjury.

5.  For instance, you must neither conceal or minimize your own actions or involvement in any offense, nor conceal, minimize, fabricate, or exaggerate anyone else's actions or involvement in any offense. You must be completely truthful about the facts whatever those may be.

6.  The offenses of giving false statements and of perjury are felonies, each instance of which is punishable by up to five years in prison plus a $250,000 fine.

7.  You agree to act in a covert capacity on behalf of the government to assist in gathering evidence of illegal drug trafficking and other crimes.

8.  In such a covert role, you agree that you will act solely at the direction and under the supervision of agents of the Bureau of Alcohol Tobacco and Firearms (hereafter referred to as "your controlling agents") and this office, and agree to follow all directions given to you by such agents or this office.

9.  You agree that you will not engage in any criminal activity of any kind, including the use of any controlled substance, without the prior knowledge and approval of your controlling agents and this office.

10. You agree that you will not initiate any contact with the subjects of any government investigation without the prior knowledge and approval of your controlling agents.

11. You agree that you will not tell anyone anything about any government investigation or your own cooperation without the prior knowledge and approval of your controlling agents.

12. The government agrees that it will fully inform the court in any sentencing hearing of the nature, extent, and value of your cooperation. At this time the government is not making and has not made any promise or commitment of any kind to you regarding the prosecution of any offense or the sentence in any case.

13. The government reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to § 5K1.1 of the Sentencing Guidelines and from any mandatory

- 2 -

minimum sentence pursuant to 18 U.S.C. § 3553(e) if you provide substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the government's evaluation of the nature, extent, and value of your assistance, including your truthfulness.

14. Any breach of any provision of this agreement by you will void this agreement in its entirety and will release the government from any obligation under this agreement.

This letter embodies the entirety of the government's immunity agreement with you. No other promise or agreement exists between you and the government regarding immunity.

Very truly yours,

JAN PAUL MILLER
UNITED STATES ATTORNEY

s/Tim Bass
Timothy A. Bass
Assistant United States Attorney

AGREED:

I have read this letter entirely, and I understand and completely agree to the above terms. No promises have been made to me other than those stated in this letter regarding my cooperation or immunity.

s/John Lee                                    Date: ___9-29-03___
John Lee

Witness:

s/Patrick Kane                                Date: ___9-29-03___

- 3 -